**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed January 9, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-01014-CR
## NO. 14-13-01015-CR

---

## IN RE ESEQUIEL OCHOA, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**263rd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 983043 and 1026778**

---

## MEMORANDUM OPINION

On November 13, 2013, relator Esequiel Ochoa filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel one or more respondents whose identities are unclear to provide a copy of the record in relator's underlying criminal cases at the State's expense.

Our mandamus jurisdiction is limited. By statute, we have authority to issue a writ of mandamus against a judge of a district or county court in our court of appeals district, and as necessary to enforce our appellate jurisdiction. *See* Tex. Gov't Code § 22.221. Relator does not identify as a respondent a judge of a district or county court. Relator appears to direct his request for relief against the Harris County District Clerk, but also may be requesting relief against the Clerk of the Thirteenth Court of Appeals, the Clerk of this Court, the Court of Criminal Appeals, the Harris County District Attorney, relator's appointed defense counsel, or some combination thereof. Regardless of which of the foregoing potential respondents are the intended respondents, issuance of the writ against any of these named parties is not necessary to enforce our jurisdiction. Therefore, we have no jurisdiction to grant the requested relief. *See* Tex. Gov't Code § 22.221(a).

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel Consists of Chief Justice Frost and Justices Boyce and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).